JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Romone Lee | Peerless Insurance Comapny, et al. |

| (b) County of Residence of First Listed Plaintiff  Chester, PA | County of Residence of First Listed Defendant  Cheshire, NH |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Villari, Lentz & Lynam, LLC<br>1600 Market Street, Suite 1800<br>Philadlephia, PA 19103 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983

Brief description of cause:
Compensatory Relief/Underinsured Motorist Benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
03/30/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMONE LEE<br>137 Ascot Court<br>Downingtown, PA 19335,<br>      Plaintiff<br> v.<br><br>PEERLESS INSURANCE COMPANY<br>62 Maple Avenue<br>Keane, NH 03431<br>   and<br>LIBERTY MUTUAL HOLDING COMPANY INC.<br>d/b/a LIBERTY MUTUAL INSURANCE<br>COMPANY and LIBERTY MUTUAL<br>175 Berkeley Street<br>Boston, MA 02116<br>   and<br>LIBERTY MUTUAL GROUP INC. d/b/a<br>LIBERTY MUTUAL INSURANCE COMPANY<br>and LIBERTY MUTUAL<br>175 Berkeley Street<br>Boston, MA 02116,<br>      Defendants. | CIVIL ACTION<br><br>No. 15- |

## COMPLAINT

Plaintiff, by and through his undersigned attorneys, Villari, Lentz & Lynam, LLC, says by way of Complaint against Defendant, as follows:

**I. PARTIES**

1. Plaintiff, Romone Lee ("Plaintiff"), is an adult individual, residing at 137 Ascot Court, Downingtown, Pennsylvania 19335.

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

3. Defendant, Peerless Insurance Company ("PIC"), is a for-profit, foreign corporation organized under the laws of the State of New Hampshire under entity number 68550.

4. Defendant PIC maintains its principal place of business at 62 Maple Avenue, Keane,

New Hampshire 03431.

5. At all times material hereto, Defendant PIC regularly and continuously conducted business in the Eastern District of Pennsylvania.

6. At all times material hereto, Defendant PIC was acting by and through its agents, servants, work persons, ostensible agents and employees.

7. Defendant PIC, as principal, is vicariously liable, at all times material hereto, for the acts and omissions of its agents, servants, work persons, ostensible agents and employees.

8. Defendant, Liberty Mutual Holding Company Inc. d/b/a Liberty Mutual Insurance Company and Liberty Mutual ("LMHC"), is a for-profit, foreign corporation organized under the laws of the Commonwealth of Massachusetts under entity number 000805238.

9. Defendant LMHC maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

10. At all times material hereto, Defendant LMHC regularly and continuously conducted business in the Eastern District of Pennsylvania.

11. At all times material hereto, Defendant LMHC was acting by and through its agents, servants, work persons, ostensible agents and employees.

12. Defendant LMHC, as principal, is vicariously liable, at all times material hereto, for the acts and omissions of its agents, servants, work persons, ostensible agents, employees and subsidiaries, including but not limited to Co-Defendants herein.

13. Defendant, Liberty Mutual Group Inc. d/b/a Liberty Mutual Insurance Company and Liberty Mutual ("LMG"), is a for-profit, foreign corporation organized under the laws of the Commonwealth of Massachusetts under entity number 000804945.

14. Defendant LMG maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

15. At all times material hereto, Defendant LMG regularly and continuously conducted business in the Eastern District of Pennsylvania.

16. At all times material hereto, Defendant LMG was acting by and through its agents, servants, work persons, ostensible agents and employees.

17. Defendant LMG, as principal, is vicariously liable, at all times material hereto, for the acts and omissions of its agents, servants, work persons, ostensible agents, employees and subsidiaries, including but not limited to Co-Defendant PIC.

18. Defendant PIC was at all times material hereto, and is, a member and/or wholly owned subsidiary of Defendant LMG.

19. Defendant LMHC was at all times material hereto, and is, the parent company of Defendant LMG.

20. Defendant PIC was at all times material hereto, and is, a wholly owned subsidiary of Defendant LMHC.

## JURISDICTION

21. This Court has original jurisdiction under 28 U.S.C.S. § 1332 because the Plaintiff and Defendants are citizens of different states, and because the amount in controversy exceeds $150,000.00.

## VENUE

22. Venue is proper under 28 U.S.C.S. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTS

23. At all times material hereto, and on February 18, 2011, Plaintiff was the named insured under an automobile policy of insurance (policy no. PLP W780680) (the "Policy") issued by Defendants. (A true and correct copy of the declarations sheet of said Policy is attached hereto and incorporated herein as Exhibit "1").

24. The Policy at issue provided Plaintiff with underinsured motorist coverage in the amount of $100,000 per person and $300,000 per accident in the event that Plaintiff was involved in an automobile accident with an underinsured motorist.

25. On February 18, 2011, Plaintiff was the owner and operator of a 2005 Chrysler 300 bearing Pennsylvania license plate number HKT-2384.

26. On the same date, at approximately 4:14 p.m., Plaintiff was driving eastbound in the center lane of travel on East Market Street, in West Chester, Pennsylvania, lawfully stopped at a red traffic signal at the Westtown Road intersection.

27. At said time and location, a third-party tortfeasor, Ryan Diehl -- 20 years old and driving his Dodge Ram pick-up truck carelessly and recklessly at a high rate of speed -- completely disregarded the stopped traffic before him and, without any warning, violently crashed truck into the rear of Plaintiff's sedan.

28. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Plaintiff suffered severe and permanent injuries, including, but not limited to: bilateral cervical radiculopathy; cervical sprain/strain; lumbar radiculopathy; lumbar sprain/strain; right shoulder supraspinatus tendinopathy; right shoulder sprain/strain; concussion; closed head trauma; post-concussion syndrome; disc bulges at C2-C3, C3-C4 and C4-C5;

post-traumatic cephalgia; right median nerve damage; delayed motor sensory; decreased range of motion; decreased sensitivity; gait dysfunction; inability to fall asleep; interrupted sleep; and aggravation and/or exacerbation of all known and unknown pre existing medical conditions, in addition to other injuries as may be diagnosed by Plaintiff's healthcare providers. Plaintiff also suffered, and continues to suffer severe aches, pains, mental anxiety and anguish, humiliation, embarrassment, and a severe shock to his entire nervous system and other injuries, the full extent of which is not known.

29. The aforementioned accident was in no manner caused by any act or failure to act by Plaintiff Romone Lee, who was duly stopped in observance of a steady red traffic signal.

30. The aforementioned accident solely was cause by the negligence and carelessness of the third-party tortfeasor, Ryan Diehl.

31. Indeed, Ryan Diehl openly admitted to the investigating officer at the scene that he had just spilled his soda and was looking down at his truck's floor when he violently crashed into the rear of Plaintiff's vehicle. (Unsurprisingly, the investigating officer determined in his report that primary cause of the accident was young Mr. Diehl's being "distracted" while driving).

32. At the time of the collision, the third-party tortfeasor was insured by Progressive with bodily injury liability protection limits in the amount of $25,000.

33. Progressive, as the insurance carrier for third-party tortfeasor Ryan Diehl, tendered $24,000 to settle Plaintiff's negligence claim against its insured with the consent of Defendants.

35. The third-party tortfeasor's settlement tender, however, is inadequate to compensate Plaintiff for the permanent and debilitating injuries and losses he suffered as a result of the aforementioned motor vehicle collision.

36. To this end, on February 24, 2014, Plaintiff made a timely claim for recovery, and is entitled to, underinsured motorist benefits under the Policy issues by Defendants, for which underinsured benefits Plaintiff paid, and the Defendants accepted, increased premium payments.

37. Nearly one year later, on February 2, 2015, and despite the above-described injuries, additional losses set forth below, and payment/acceptance of increased premiums *specifically for underinsured motorist protection*, Defendants made a settlement offer of $1800.

## COUNT I
## COMPENSATORY RELIEF/UNDERINSURED MOTORIST BENEFITS
## PLAINTIFF, ROMONE LEE v. ALL DEFENDANTS

38. Plaintiff hereby incorporates by reference the averments contained in ¶¶ 1 through 37, *supra*, as though fully set forth herein at length.

39. At all times material hereto, including at the time of the underlying accident, Plaintiff maintained the automobile insurance Policy issued by Defendants.

40. The Policy provided Plaintiff with underinsured motorist protection in the amount of $100,000 per person and $300,000 per accident.

41. In exchange for underinsured motorist protection, Plaintiff paid, and Defendants accepted, increased premium payments.

42. At the time of the underlying accident, the third-party tortfeasor, Ryan Diehl, was negligent and careless in the operation of his pick-up truck, which consisted, inter alia, of the following:

   a. Failure to exercise reasonable care;

   b. Failure to exercise reasonable care in the operation of the motor vehicle in his control;

   c. Failure to obey traffic signals and completely disregarding a steady red light

        for Defendant's lane of travel and the stopped traffic before it;

d. Failure to properly manage said motor vehicle;

e. Failure to have said motor vehicle under proper and adequate control so as not to endanger Plaintiff, Mr. Lee;

f. Failure to steer or otherwise operate said motor vehicle in a manner so as to avoid a collision with Plaintiff;

g. Failure to warn, yield, and/or have the motor vehicle under proper and adequate control so as not to cause injury to Plaintiff;

h. Failure to keep a reasonable lookout;

i. Failure to keep control of his motor vehicle at all times;

j. Operating the motor vehicle in his control without due regard to the rights, safety, and position of Plaintiff;

k. Violating the statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle;

l. Otherwise failing to regard the rights and safety of the Plaintiff, Mr. Lee; and

m. Otherwise being negligent as a matter of law and fact.

43. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff suffered, and continues to suffer, severe and permanent injuries, including but not limited to: bilateral cervical radiculopathy; cervical sprain/strain; lumbar radiculopathy; lumbar sprain/strain; right shoulder supraspinatus tendinopathy; right shoulder sprain/strain; concussion; closed head trauma; post-concussion syndrome; disc bulges at C2-C3, C3-C4 and C4-C5; post-traumatic cephalgia; right median nerve damage; delayed motor sensory; decreased range of motion; decreased sensitivity; gait dysfunction; inability to fall asleep; interrupted sleep; and aggravation and/or exacerbation of all

known and unknown pre existing medical conditions, in addition to other injuries as may be diagnosed by Plaintiff's healthcare providers. Plaintiff also suffered, and continues to suffer severe aches, pains, mental anxiety and anguish, humiliation, embarrassment, and a severe shock to his entire nervous system and other injuries, the full extent of which is not known.

44. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff has been, and may in the future be, required to undergo significant medical care, evaluation, therapy, treatment, costly medications and invasive and painful medical procedures and surgeries in an effort to cure his injuries.

45. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff has suffered, and may in the future suffer, an inability to perform his usual and daily duties, activities, labors, occupations and/or avocations and may be prevented from performing the same for an indefinite period of time into the future, all to his great financial detriment and loss.

46. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff has suffered, and may in the future suffer, a loss of earnings and future earning potential, all to his great financial detriment and loss.

47. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff has been compelled to expend large sums of money for medicine and medical attention in order to effectuate treatment and/or a cure for his injuries and, consequently, may be required to expend additional sums for the same purpose in the future.

48. As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor, Ryan Diehl, Plaintiff has suffered, and in the future may continue to suffer, a

loss of leisure time and life's pleasures.

WHEREFORE, Plaintiff Romone Lee demands judgment in his favor and against Defendants, for special and compensatory damages in an amount in excess of One Hundred and Fifty-Thousand Dollars ($150,000.00), plus the statutory rate of interest, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## V. **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each Count against Defendants.

VILLARI, LENTZ & LYNAM, LLC

Date: 03/30/15       By:       /s/ LGV7043
                                Leonard G. Villari, Esquire
                                Joshua G. Villari, Esquire
                                I.D. Nos. 68844/85899
                                1600 Market Street, Suite 1800
                                Philadelphia, PA 19103
                                (215) 568-1990 (t)
                                (215) 568-9920 (f)
                                lgvillari@aol.com/ jvillari@vll-law.com
                                *Attorneys for Plaintiff,*
                                *Romone Lee*

# EXHIBIT "1"

Case 2:15-cv-01684-GAM   Document 1   Filed 04/01/15   Page 12 of 19

Mar. 8. 2011  2:26PM     Chesco Bail 6103446524                        No. 2924    P. 2/6



**Ohio Casualty.**
Member of Liberty Mutual Group

| Policy Number: PLP W780680 | Prior Policy: |
|---|---|
| Policy Period: 07/03/2010  To: 07/03/2011   12:01 am Standard Time at the Mailing Address of the Named Insured ||
| Coverage Is Provided In   PEERLESS INDEMNITY INSURANCE COMPANY ||
| Billing Type: DIRECT BILL  -  QUARTERLY ||
| Named Insured and Mailing Address:<br>ROMONE LEE<br>LASHANTIA COOPER<br>137 ASCOT CT<br>DOWNINGTOWN PA   19335-2251 | Agent:<br>MILLERS INSURANCE AGENCY INC<br>255 W UWCHLAN AVE<br>DOWNINGTOWN PA   19335-3361<br><br>Agent Code: 1024061   Agent Phone: (610)-269-4500 |

### PERSONAL PROTECTOR® PACKAGE DECLARATIONS

------- PREMIUM SUMMARY -------

THIS IS NOT A BILL. YOU WILL RECEIVE A SEPARATE BILL FOR THIS TRANSACTION.

| | | |
|---|---|---|
| Reason for Transaction | NEW BUSINESS | Base Coverage Premium           $  2,127.00 |
| Transaction Effective Date | 07/03/2010 | Additional Coverage Premium |
| Premium For This Transaction | $  2,106.00 | Credits and Debits |
| | | Personal Protector Credit       $    -21.00 |
| | | Total Policy Premium            $  2,106.00 |

------- BASE COVERAGES AND PREMIUMS -------

This policy consists of the following coverage parts:

| Coverage | Effective Date | Expiration Date | Basic Premium | Personal Protector Credit | Package Premium |
|---|---|---|---|---|---|
| Homeowners | 07/03/2010 | 07/03/2011 | $ 199.00 | $ -2.00 | $ 197.00 |
| Personal Auto | 07/03/2010 | 07/03/2011 | $ 1,928.00 | $ -19.00 | $ 1,909.00 |
| Total Premiums | | | $ 2,127.00 | $ -21.00 | $ 2,106.00 |

THIS IS NOT A BILL. YOU WILL BE BILLED SEPARATELY. At your request, your account has been placed on a Direct Bill payment schedule which is based on QUARTERLY   Installments. Please do not send payment now. You will be receiving a separate invoice statement(s) based on the payment schedule that you selected.

Thank you for selecting us to service your insurance needs!

Countersigned:         By _____         _____
                          Authorized Representative                Date
                                                                   Date Issued: 07/05/2010

PLP (07/96)

AGENT COPY

07/03/2010   PLPW78068000         0607              PGDM560D J17561      OEONLYST 00000741  Page   5

Mar. 8. 2011 2:26PM     Chesco Bail 6103446524                           No. 2924   P. 3/6


Ohio Casualty.
Member of Liberty Mutual Group

Forming a part of

| Policy Number: PLP W780680 |
| Coverage is Provided in PEERLESS INDEMNITY INSURANCE COMPANY |

| Named Insured: ROMONE LEE LASHANTIA COOPER | Agent: MILLERS INSURANCE AGENCY INC |
| | Agent Code: 1024061    Agent Phone: (610)-269-4500 |

## HOMEOWNERS COVERAGE

------PREMIUM SUMMARY------

| Reason for Transaction | NEW BUSINESS | Base Coverage Premium | $ | 168.00 |
| Transaction Effective Date | 07/03/2010 | Additional Coverage Premium | $ | 58.00 |
| Premium For This Transaction | $ 197.00 | Credits and Debits | $ | -29.00 |
| | | Total Coverage Premium | $ | 197.00 |

------ BASE COVERAGES AND PREMIUMS ------

Insurance is provided where a premium entry is shown for the coverage.

| Location | | | | Limit of Liability | Premium |
|---|---|---|---|---|---|
| 001 | SECTION I | Coverage A - Dwelling | | $ 0 | |
| | | Coverage B - Other Structures | | $ 0 | |
| | | Coverage C - Personal Property | | $ 20,000 | $ 151.00 |
| | | Coverage D - Loss of Use | | $ 4,000 | INCLUDED |
| | SECTION II | Coverage E - Personal Liability (each occurrence) | | $ 300,000 | $ 17.00 |
| | | Aggregate Sublimit – Fungi, Wet Or Dry Rot, Or Bacteria | | $ 25,000 | INCLUDED |
| | | Coverage F - Medical Payments (each person) | | $ 1,000 | INCLUDED |

ADDITIONAL COVERAGES

| FUNGI, WET OR DRY ROT, OR BACTERIA - SECTION I | $ 10,000 | $ 5.00 |
| PERSONAL PROPERTY REPLACEMENT COST | | $ 53.00 |

Deductible amount - SECTION I - $ 500. In case of loss under SECTION I, we cover only that part of the loss over the deductible stated.

------ CREDITS AND DEBITS ------

| Location | Title | | Premium |
|---|---|---|---|
| 001 | CREDIT FOR PROTECTIVE DEVICES | $ | -11.00 |
| 001 | DEDUCTIBLE ADJUSTMENT | $ | -16.00 |
| 001 | PERSONAL PROTECTOR CREDIT | $ | -2.00 |

------ RATING INFORMATION ------

| Location | Territory | No. of Family | Premium Group | Year Built | Feet to Hydrant | Prot Class |
|---|---|---|---|---|---|---|
| 001 | 46 | 1 | 049 | 0000 | 05 | 43 |
| Location | Primary Residence | Automatic Value-up at Renewal | | Construction | | |
| 001 | Y | N | | FRAME | | |
| Location | Year Roof Renv. | Year Electr. Renv. | Year Plumb. Renv. | Year Heat Syst. Renv. | | |
| 001 | | | | | | |

HO (07/96)

Mar. 8. 2011  2:26PM     Chesco Bail 6103446524     ---  ----         No. 2924---P. 4/6

## HOMEOWNERS COVERAGE (continued)

-------------------------------- DESCRIPTION OF ADDITIONAL COVERAGES, CREDITS AND DEBITS --------------------------------

PREMISES ALARM SYSTEM CREDIT
PERCENTAGE IS 07.

-------------------------------------------------- FORMS AND ENDORSEMENTS --------------------------------------------------

Your insurance is comprised of the following forms:

| Form No. | Ed. Date | Form No. | Ed. Date | Form No. | Ed. Date |
|---|---|---|---|---|---|
| * HO0004 | 0491 | * 80-1PA | 0107 | * HO0496 | 0491 |
| * 80-27B | 0302 | * 80-71PA | 0403 | * 81-4ED | 0198 |
| * HO0431 | 0402 | * HO0416 | 0491 | * HO2363 | 0493 |

Date Issued: 07/05/2010

HO (07/96)

AGENT COPY

07/03/2010   PLPW78068000        0607          PGDM560D J17551       OEONLYST 00000744 Page 8


**Ohio Casualty**
Member of Liberty Mutual Group

**Forming a part of**

| Policy Number: PLP W780680 |
|---|
| Coverage is Provided in PEERLESS INDEMNITY INSURANCE COMPANY |

| Named Insured:<br>ROMONE LEE<br>LASHANTIA COOPER | Agent:<br>MILLERS INSURANCE AGENCY INC<br><br>Agent Code: 1024061      Agent Phone: (610)-269-4500 |
|---|---|

## PERSONAL AUTO COVERAGE

------- PREMIUM SUMMARY -------

| Reason for Transaction | NEW BUSINESS | Base Coverage Premium | $ 1,900.00 |
|---|---|---|---|
| Transaction Effective Date | 07/03/2010 | Additional Coverage Premium | $ 90.00 |
| Premium For This Transaction | $ 1,909.00 | Credits and Debits | $ -81.00 |
| | | Total Coverage Premium | $ 1,909.00 |

------- VEHICLES COVERED -------

| Veh | Yr | Make | Model | Vehicle ID Number | Sym | Type | St Amt | C/New |
|---|---|---|---|---|---|---|---|---|
| 001 | 2003 | ISZU | RODEO | 4S2DM58W434306633 | 15 | | | |
| 002 | 1998 | CHEV | TAHOE/LSLT | 1GNEK13R5WJ331117 | 11 | | | |
| 003 | 2005 | CHRY | 300 | 2C3JA53GX5H516784 | 17 | I | | |

------- BASE COVERAGES AND PREMIUMS -------

Insurance is provided where a premium entry is shown for the coverage.

**LIABILITY COVERAGES**            Limits of Liability            Premium

| | | VEH 001 | VEH 002 | VEH 003 |
|---|---|---|---|---|
| Bodily Injury | $ 100,000 Each Person and<br>$ 300,000 Each Accident | $ 147.00 | $ 147.00 | $ 130.00 |
| Property Damage | $ 100,000 Each Accident | $ 122.00 | $ 122.00 | $ 109.00 |
| Uninsured Motorist Bodily Injury | $ 100,000 Each Person and<br>$ 300,000 Each Accident | $ 54.00 | $ 54.00 | $ 54.00 |
| Underinsured Motorist Bodily Injury | $ 100,000 Each Person and<br>$ 300,000 Each Accident | $ 64.00 | $ 64.00 | $ 64.00 |
| First Party Benefits Coverage<br>  Basic First Party Benefit | | $ 50.00 | $ 50.00 | $ 44.00 |
| Full Tort Option | | INCLUDED | INCLUDED | INCLUDED |

**PHYSICAL DAMAGE COVERAGES**      Limits of Liability            Premium

| | | VEH 001 | VEH 002 | VEH 003 |
|---|---|---|---|---|
| Other Than Collision | Actual Cash Value | $ 59.00 | | $ 67.00 |
| Less Deductible of: | VEH 001  VEH 002  VEH 003<br>$ 500              $ 500 | | | |
| Collision | Actual Cash Value | $ 219.00 | | $ 246.00 |
| Less Deductible of: | VEH 001  VEH 002  VEH 003<br>$ 500              $ 500 | | | |
| Optional Limits Transportaton Expenses | $ 40 Per Day and<br>$ 1,200 Maximum | $ 17.00 | | $ 17.00 |

PA (07/96)

07/03/2010    PLPW78068000         0607    **AGENT COPY**    PGDM580D J17581    OEONLYST 00000745 Page 8

Mar. 8. 2011  2:27PM     Chesco Bail 6103446524                                    No. 2924    P. 6/6

## PERSONAL AUTO COVERAGE (continued)

---------- ADDITIONAL COVERAGES AND PREMIUMS ----------

| Veh | Title | Premium |
|---|---|---|
| 001 | PERSONAL AUTO ULTRA PLUS | $ 35.00 |
| 002 | PERSONAL AUTO ULTRA PLUS | $ 20.00 |
| 003 | PERSONAL AUTO ULTRA PLUS | $ 35.00 |

---------- CREDITS AND DEBITS ----------

| Veh | Title | Premium |
|---|---|---|
| 001 | PASSIVE RESTRAINT DISCOUNT | $ -15.00 |
| 001 | ANTI-THEFT DISCOUNT | $ -9.00 |
| 001 | PERSONAL PROTECTOR CREDIT | $ -7.00 |
| 002 | PASSIVE RESTRAINT DISCOUNT | $ -15.00 |
| 002 | PERSONAL PROTECTOR CREDIT | $ -5.00 |
| 003 | PASSIVE RESTRAINT DISCOUNT | $ -13.00 |
| 003 | ANTI-THEFT DISCOUNT | $ -10.00 |
| 003 | PERSONAL PROTECTOR CREDIT | $ -7.00 |

---------- VEHICLE PREMIUM SUMMARY ----------

| Veh | Base Premium | Additional Coverages | Credits and Debits | Total Premium |
|---|---|---|---|---|
| 001 | $ 732.00 | $ 35.00 | $ -31.00 | $ 736.00 |
| 002 | $ 437.00 | $ 20.00 | $ -20.00 | $ 437.00 |
| 003 | $ 731.00 | $ 35.00 | $ -30.00 | $ 736.00 |
|  |  |  | Total Coverage Premium | $ 1,909.00 |

---------- DRIVER INFORMATION ----------

GS = Good Student Discount                               DT = Driver Training Discount

| Veh | Driver | License Number | St | Op | DOB | M/F | M/S | GS | DT |
|---|---|---|---|---|---|---|---|---|---|
| 002 | 01 ROMONE LEE | 23486201 | PA | P | 12/13/1964 | M | M | N | N |
| 001 | 02 LASHANTIA COOPER | 22969489 | PA | P | 07/05/1970 | F | M | N | N |

---------- RATING INFORMATION ----------

| Veh | Class | | Use | Miles | Days | St | Territory | Multi-Car |
|---|---|---|---|---|---|---|---|---|
| 001 | 887220 | 11 | WORK | 05 | 5 | PA | 07E | Y |
| 002 | 887220 | 11 | WORK | 05 | 5 | PA | 07E | Y |
| 003 | 887140 | 11 | PLEASURE | 00 |  | PA | 07E | Y |

---------- FORMS AND ENDORSEMENTS ----------

Your insurance is comprised of the following forms:

| Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date |
|---|---|---|---|---|---|---|---|---|
| ALL | * PP0551 | 0694 | ALL | * PP0421 | 0510 | ALL | * PP0417 | 0510 |
| ALL | * PP0338 | 1298 | 001 | * PP0302 | 0698 | 003 | * PP0302 | 0698 |
| ALL | * 91-10PA | 1100 | ALL | * PP0001 | 0698 | ALL | * PP0151 | 0698 |
| ALL | * 90-701 | 0695 | ALL | * PP1301 | 1299 | ALL | * PP0301 | 0886 |

Date Issued: 07/05/2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Romone Lee | : | CIVIL ACTION |
| v. | : | |
| Peerless Insurance Company, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 03/30/2015 | Leonard G. Villari | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-1990 | 215-568-9920 | lgvillari@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 137 Ascot Court, Downington, PA 19335

Address of Defendant: 62 Maple Avenue, Keane, NH 03431

Place of Accident, Incident or Transaction: Peerless Insurance Company, Liberty Mutual Holding Company Inc. and Liberty Mutual Group Inc.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☒ No☐
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Leonard G. Villari, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 03/30/2015      _____[signature]_____      68844
                       Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/30/2015      _____[signature]_____      68844
                       Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____Leonard G. Villari, Esquire_____, counsel of record do hereby certify:

- o  Pursuant to Local Civil Rule 53.2, Section 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interests and costs;
- o  Relief other than monetary damages is sought.

Date:___03/30/2015___        _____/s/ Villari_____        _____83817_____
                               Attorney at Law              Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within care is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date:___03/27/2015___        _____/s/ Villari_____        _____83817_____
                               Attorney at Law              Attorney I.D. #

CIV. 609